Stayton, Associate Justice.
An action was brought by the appellants against the appellee to recover the sum of six hundred and five dollars and sixty cents, and thereon an attachment was sued out and the writ levied on property of the appellee valued at one thousand nine hundred and eleven dollars. Shortly after the levy, the goods were sold under order of court and brought seven hundred and one dollars, which, so far as necessary, was applied to the payment of the claim sued on.
The appellee sought, in this action brought by him, to recover damages, actual and exemplary, on the ground that the writ of attachment was wrongfully and maliciously sued out, and on trial a judgment was rendered in his favor for one thousand one hundred and ten dollars and seventy cents as actual damages, and for one thousand five hundred dollars as exemplary damages. The appellee remitted so much of the judgment as gave exemplary damages.
The ground for attachment was, that the appellee was about to dispose of his property with intent to defraud his creditors. On the trial, the appellee was permitted to ask a witness the following question: “Did Charles P, Curtis, about the time of the attachment, do any act or thing to defraud his creditors?” To this question appellant objected, on the ground that it called for the mere opinion or conclusion of the witness, and not for facts. The court- overruled the objection and permitted the witness to state to the jury, in answer to the question, that Curtis did not do any act or thing to defraud his creditors. To this action of the court appellants excepted, and this ruling is assigned as error. This question left it with the witness to determine what acts in law would be fraudulent, and upon his decision as to this to base his answer. It called for his conclusions as to law and fact, instead of requiring a statement simply of facts, from which, with other evidence given in the case, the jury— under the instructions of the court as to what, within the meaning of the law, would constitute fraud—could determine whether ground for suing out and levying the attachment existed.
In some cases a witness may be permitted to give an opinion or conclusion, but this can not be done, even by an expert, when the character of an act is in question and can be determined only by the application of rules of law to a given state of facts, It *645 was error to admit the evidence. (Miller & English v. Jannett, 63 Texas, 86; Gabel v. Weisensee, 49 Texas, 142.)
The appellee was asked a likd question and permitted to make a similar answer. This was error.
Two witnesses were asked to give their opinions as to the value of the goods seized; but upon examination as to their knowledge or means of knowledge of the value of such goods, the court refused to permit them to give an opinion upon that subject. We are of the opinion that the witnesses did not show that they were capable of giving an opinion as to the value of the goods, ■and that the court correctly excluded their evidence.
At the time the officer levied the attachment he appraised the goods seized, and the appellants proposed to prove that their agent then told the officer that his appraisment was too' high. This evidence was rejected, and we think correctly. The appellants could not use the declaration of their agent. If they desired his testimony as to the value of the goods they should have made him a witness.
The appellants asked the court to instruct the jury, in effect, that the appellee was not entitled to recover even actual damages if the attachment was not malicious and without probable cause, though they might believe that the writ was wrongfully sued out and levied. This charge the court refused to give. The rule that an action to recover actual damages for the wrongful suing out and levy of a writ of attachment must be based on the attachment bond has never been recognized in this State. The constant practice has been to permit the recovery of actual damages on a counter claim or plea in reconvention whenever it appeared that the writ was wrongfully sued out and levied, and so without basing the defendant’s pleadings oh the attachment bond.
Counter claim, or reconvention, must embrace all the elements necessary to constitute a cause of action, and it would be inconsistent to hold that facts which contitute a cause of action when thus presented, do not constitute a cause of action when urged by a party in a separate action. The province of the attachment bond is to give security to the defendant on which he may rely if the attachment be wrongfully sued out, and as to the sureties is the foundation of their liability. Hot so, however, as to the plaintiff who wrongfully avails himself of process which is too often used for purposes and in cases never contemplated by law. As against a plaintiff using such process, the basis of *646 his liability is its abuse or wrongful use whereby a defendant is deprived of the use and possession of his property, or it may be of the property itself. Against such a person the action may be upon the bond, or upon the liability which arises from his wrongful act.
Opinion delivered October 18, 1887.
If the appellants were of the opinion that the charge of the court did not sufficiently inform the jury what would constitute a fraudulent intent, or a fraudulent disposition of property, a charge should have been asked. Hot having asked a charge upon that subject, they can not now be heard to complain.
It is urged that a new trial should have been granted on the ground that the evidence showed that the grounds for suing out the attachment existed. There is no such evidence in the case as required the court below to set aside the verdict of the jury, and as the judgment will have to be reversed on account of the admission of improper testimony, we deem it improper to enter into a discussion of the evidence for the respective parties.
For the reasons indicated, the judgment will be reversed and the cause remanded.

Reversed and remanded.