MRS. J. A. FRANTZ, Appellant, v. A. S. HANFORD et al., Appellees.

1. **Attachment**: WRONGFUL SUING OUT: REMEDY. In the absence of malice, the only remedy for the premature and unlawful suing out of an attachment is an action upon the attachment bond.

2. ———: OF MORTGAGED CHATTELS: EXEMPTIONS: PRIORITIES. An attachment was levied upon chattels upon which the owner, the plaintiff's husband, had made two mortgages. Afterwards the husband absconded, and his wife, under section 3078 of the Code, rightfully claimed a part of the property as exempt from the attachment. The attaching creditor, proceeding under chapter 117 of Laws of 1886, became subrogated to the rights of the holders of the mortgages, and proceeded to sell the property thereunder, except such as was exempt to the wife. He applied the proceeds, first to the satisfaction of the first mortgage, and next to the judgment procured in the attachment proceeding, and was about to sell the exempt property to satisfy the second mortgage, when this action was commenced by the wife in equity to enjoin the sale, and for an accounting. *Held*, that such application of the proceeds could not be allowed, but that all the proceeds of the property not exempt must be applied upon the mortgages, in their order, and that the exempt property could be sold only to pay the residue, if any, of the mortgage debt. In this case, the wife was given thirty days after decree within which to redeem the exempt property by paying such residue, if any.

*Appeal from Woodbury District Court.*—HON. C. H. LEWIS, Judge.

TUESDAY, JANUARY 31, 1893.

ACTION in equity to enjoin the defendants from foreclosing a certain chattel mortgage as to certain of the property described therein, claimed by the plaintiff

as exempt, and for an accounting as to the amount due
on the mortgage, for judgment for one hundred and
sixty-four dollars, with interest, to be credited on the
mortgage, and for leave to redeem the property claimed
as exempt by paying the balance, if any, found due on
the mortgage. Answer and cross petition, asking judg-
ment against the mortgagor, and that the plaintiff's
right of exemption in the property be declared junior
to the mortgage lien. Decree was entered for the
defendants. The plaintiff appeals. The facts appear
in the opinion.—*Reversed.*

*Blood & Robinson*, for appellant.

*Kennedy & Kennedy*, for appellees.

GIVEN, J.—This case is submitted upon an agreed
statement of facts, in substance as follows: On and
prior to September 10, 1889, J. A. Frantz, husband of
the plaintiff, owned certain horses, harness, wagons,
and drays, with which he was carrying on the draying
business in Sioux City as a means of livelihood. Pre-
vious to that date he executed to Jackson, Ross & Co.
a chattel mortgage on part of said property, and later
a second mortgage to C. W. Jackson, covering the
same and other property, including that claimed by
the plaintiff. He was also indebted to the defendant
Hanford and to one Bigelow. On said tenth day of
September, 1889, J. A. Frantz absconded, leaving the
plaintiff without means of support, and immediately
thereafter the plaintiff elected to claim her exemptions
out of said property, and requested and authorized the
mortgagees to sell the property at private sale, with the
reservation that any excess should be turned over to
her. They advertised the sale, and just prior to the
time the same was to take place Hanford, with knowl-
edge of that fact, and that the plaintiff had elected to
claim her exemption out of said property, caused the

property to be seized upon a writ of attachment in the hands of the defendant Olmen, constable, in favor of Hanford, whereupon the plaintiff served the defendant with notice, claiming her exemption.  Thereafter Hanford demanded of said mortgagees a statement of the amount claimed, and deposited that amount with the clerk of the court, with a protest reserving the right to contest the amount claimed, whereupon the mortgagees deposited the notes and mortgages with the clerk, relinquishing all claim thereto except to recover the deposit.  The papers and money were retained by the clerk until the sum due upon the mortgages was determined by the court, whereupon the amount was paid to the mortgagees, and the mortgages and notes turned over to Hanford.

At the time the deposit of the money, notes, and mortgages was made with the clerk, all of the property was turned over to Hanford by the mortgagees, they having previously obtained possession by replevying it from Olmen, who held it under Hanford's attachment.  After the mortgagees so turned over the property to Hanford, and after having obtained judgment on his claim, he caused an execution to be issued and placed in the hands of Olmen, who levied upon said property, and advertised the same for sale, whereupon the plaintiff replevied that portion which she claimed, to wit, one gray horse, Mack; one black horse, Bob; harness, and big spring dray; and was adjudged in that action to rightfully hold the same exempt from said execution.  Hanford caused certified copies of said mortgages to be made while the amount to be paid by him to the mortgagees was in controversy, and through Olmen, as his agent, proceeded to advertise the property for sale under the mortgages.  Olmen sold all of the property included in the mortgages except that held by the plaintiff under her replevin as exempt, under the execution, for two

hundred and ninety-six dollars; Hanford being the purchaser. It is conceded that, had the property been sold as a whole, with the good will of the business, at the sale advertised by the mortgagees, it would have brought nine hundred and sixty dollars, or eight hundred and sixty dollars without the good will; that, if sold excepting the gray and black horses, harness, and platform spring wagon, it would have brought four hundred and thirty-five dollars, and the other property without the good will, four hundred and twenty-five dollars. It is also conceded that the property sold by the defendant under the execution was sold for all that it would bring under an execution sale, and that the value of the use of a team and dray was one dollar and fifty cents per day. The two hundred and ninety-six dollars realized for the property sold under the execution was applied as follows: One hundred and ninety dollars in satisfaction of the first mortgage, ninety-six dollars and five cents in satisfaction of Hanford's execution, and the balance, nine dollars and ninety-five cents, upon an execution in favor of Charles Bigelow.

I. It is not questioned but that the plaintiff is entitled to the exemption claimed as against the execu-

1. ATTACHMENT: wrongful suing out: remedy.
tions. Section 3078 of the Code is as follows: "When a debtor absconds and leaves his family, such property shall be exempt in the hands of the wife and children, or either of them;" thus exempting to the wife and children the property enumerated as exempt in preceding sections. It is not claimed that the plaintiff's right to exemption is superior to the chattel mortgages. The appellant's contentions are that Hanford's attachment was premature and unlawful; that he thereby converted the mortgaged property; wherefore she is entitled to have the full value applied in satisfaction of the mortgages, to wit: the amount that would have been realized on a sale by the mortgagees; that, Hanford having wrong-

fully taken and detained the teams and drays under his attachment, she is entitled to have the value of their use credited upon the mortgages, and that, if, after crediting these amounts upon the mortgages, in addition to that realized from the sale of the property, there is a balance due, she should be permitted to pay that balance in redemption of the property claimed as exempt. Whether Hanford's attachment was premature and unlawful we do not determine. Conceding that it was, the only remedy is upon the attachment bond, in the absence of malice. *Tallant v. Gaslight Co.*, 36 Iowa, 262. No malice is alleged, nor are there the usual and necessary allegations of an action for wrongfully suing out an attachment. If the plaintiff might recover damages caused by wrongfully suing out that attachment, it is clear that she is not entitled to do so in this action under the allegations in her petition. Conceding that Hanford wrongfully took and detained the teams under his attachment the detention was from the mortgagees, and not from the plaintiff. She had consented that the mortgagees might keep and sell the property; hence she was not entitled to the use of any of the teams, and was not damaged in that respect by their detention.

II.   It will be noticed that of the two hundred and ninety-six dollars realized from the sale of the mort-

2. ——: of mortgaged chattels: exemptions: priorities. gaged property under the execution one hundred and ninety dollars was applied in satisfaction of the first mortgage. Of this no complaint is made, but the appellant contends that the ninety-six dollars and five cents applied in satisfaction of Hanford's execution, and the nine dollars and ninety-five cents applied upon the execution in favor of Bigelow, should be applied upon the second mortgage. The appellee contends that the application made is authorized by section 1, chapter 117, Laws 1886 (McClain's Code, section 4189). Said section

provides as follows: "Personal property not exempt from execution, hereafter mortgaged, or heretofore mortgaged, when the debt secured thereby is due, may be taken on attachment or execution issued at the suit of a creditor of the mortgagor; and before the property is so taken the officer or plaintiff must pay or tender to the holder of the mortgage, the amount of the mortgage debt and interest accrued, or must deposit the amount thereof with the clerk of the district court of the county wherein the mortgaged property is found, payable to the holder of the mortgage. * * * And when such sums are tendered to the holder of the mortgage or deposited with the clerk, the attaching creditor shall be subrogated to all the rights of the holder of the mortgage, and the proceeds from the sale of the mortgaged property shall go first to the discharge of such indebtedness and costs of execution; provided, however, that if the judgment debtor shall pay the debt for which the attachment or execution was issued, the property shall be released, and the creditor shall be entitled to receive money deposited to pay the mortgage debt, and shall have no right or interest in the mortgage or in the mortgaged property."

Section 3 of said chapter is as follows: "At the sale of said property no bid shall be received for a less sum than the amount then due on said mortgage, together with the costs made by virtue of such levy of attachments or executions, and the costs of said sale; and unless there shall be a bid of more than such amount the execution or attachment creditor shall pay the costs made by such levy and sale. If said property should sell for more than the amount due on said mortgage and the costs aforesaid, the officer shall immediately pay the sum due on said mortgage to the person who paid the same, and shall apply this surplus on the execution or attachment held by him." Taking these sections together, it is clear that the words "such

indebtedness," as used in the first, refers to the mort-
gage indebtedness, and that the indebtedness must be
first paid.    That indebtedness may be evidenced by
one or more mortgages, but, whether by one or more,
the whole mortgage debt must be first paid.    The sec-
ond mortgage covered all the property sold, and is
therefore a part of the mortgage debt, and entitled to
be paid in preference to the executions. The law favors
exemptions, but to permit the application made of the
proceeds of this sale is to defeat the plaintiff's exemp-
tion in whole or in part.    If Mr. Hanford may apply
the one hundred and six dollars as he has instead of
upon the second mortgage, then he may sell the prop-
erty exempt from his execution  under the second
mortgage, and defeat the exemption. This the law will
not permit.    The one hundred and six dollars must be
applied on the second mortgage as of the date of the
sale, and, if any balance remains due thereon, the
plaintiff shall have thirty days from the date of entering
decree hereunder in which to redeem the unsold property
by paying the balance, with interest.    If the plaintiff
shall fail to so redeem, then the defendant may proceed
to sell said mortgaged property to satisfy such balance.

The decree of the district court is reversed, and the
case will be remanded for decree in conformity with
this opinion.    REVERSED.