DUDLEY TALBOTT, Appellant, v. GREAT WES-
TERN PLASTER COMPANY, Respondent.

**Kansas City Court of Appeals, November 21, 1910.**

1. **MALICIOUS PROSECUTION: Attachment: Damages:** Actual
damages may be recovered for a wrongful attachment in an
action on the case, although there is neither malice nor want
of probable cause shown.

2. ———: ———: ———: **Attachment Bond.** It is not necessary
in an action for actual damages for wrongful attachment that
the suit should be based on the attachment bond. A liability
exists independent of the bond.

3. ———: ———: **Damages: Action: Bond.** The statute au-
thorizes the recovery of all damages by reason of the attach-
ment and this includes expenses of trial, attorney's fees, etc.
And these may be recovered in an action on the case without
reference to the bond, since the latter is merely security for a
statutory right.

4. ———: ———: ———: **Pleading.** Though the petition alleges
malice and want of probable cause for an attachment, there
may be a recovery for wrongful attachment without proof of
those elements. They merely characterize the act and aggra-
vate the damages.

Appeal from Clay Circuit Court.—*Hon. Francis H.
Trimble,* Judge.

REVERSED AND REMANDED.

*Andrew F. Evans* and *Geo. H. English, Jr.,* for
appellant.

(1) The evidence discloses both malice and lack
of probable cause. The plaintiff is entitled to recover
his actual damages, even if it be held that he has fail-
ed to prove malice and lack of probable cause. 3 Am.
and Eng. Ency. of Law (2 Ed.), 245; Fry v. Estes, 52
Mo. App. 1; Talbot v. Gt. West. Pl. Co., 86 Mo. App.
558; Jerman v. Stewart, 12 Fed. 266; McLaughlin v.

Davis, 14 Kan. 168; Connelley v. Woods, 31 Kan. 359; Kirksey v. Jones, 7 Ala. 622; Donnell v. Jones, 13 Ala. 490; Cox v. Robinson, 2 Rob. (La.) 313; Steinhart v. Leman, 41 La. An. 835; Half v. Curtis, 68 Tex. 640; Sanders v. Hughes, 2 Brev. (S. C.) 495; Renkert v. Elliott, 11 Lea (79 Tenn.) 235; Kennedy v. Meacham, 18 Fed. 312. (2) The court erred in admitting the copy of the alleged contract between Weston and Talbot and permitting plaintiff to be examined thereon. 2 Elliott on Ev., secs. 1427-1449; Traber v. Hicks, 131 Mo. 180; Pierce v. Georger, 103 Mo. 540; Farrell's Admr. v. Brennan's Admr., 32 Mo. 328.

*William C. Forsee* and *M. E. Lawson* for respondent.

(1) Appellant's abstract is insufficient. He does not separately abstract such matters as appear upon the record proper, and such as are matters of exception. The two are commingled. "The abstract must distinguish clearly between entries which belong to the record proper, and matters which ought to be in the bill of exceptions." Stark v. Zehnder, 204 Mo. 442; City of Macon v. Jaeger, 133 Mo. App. 643; Clay v. Pub. Co., 200 Mo. 673; Thompson v. Ruddick, 213 Mo. 563; Hill v. Butler, 195 Mo. 511; Harding v. Bedoll, 202 Mo. 630; Politowitz v. Tel. Co., 123 Mo. App. 77. (2) There is no abstract of matters of exception, and as the abstract does not set out the motion for new trial, nor even recite its substance, the court cannot say there was any such motion unless it examines for itself the printed matter set out on pp. 7 to 157, inclusive, as being a bill of exceptions. Nor can the court, without doing so, learn whether any instructions were asked, or whether appellant excepted to any ruling of the court. Hess v. Corwin, 109 Mo. App. 22; Helzell v. McDowell, 135 Mo. App. 205; Cross v. Henderson, 129 Mo. App. 538; Gilchrist v. Bryant, 213

Mo. 442; Thompson v. Ruddick, 213 Mo. 561; Peterson v. Transit Co., 109 Mo. 342; McQueen v. Groff, 105 Mo. App. 165.

ELLISON, J.—Plaintiff's action is founded on a petition for malicious prosecution of a suit by attachment. The judgment in the trial court was for the defendant.

The case was before us on a former appeal and will be found reported in 86 Mo. App. 558. It appears that defendant instituted an action by attachment against plaintiff on the 19th day of July, 1898, before a justice of the peace and that afterwards on the 1st day of September of that year defendant dismissed the attachment and it was accordingly dissolved. It further appears that before the attachment writ was issued defendant filed the proper and necessary statutory bond. On the trial (without a jury) from which this appeal was taken the court gave, at plaintiff's instance, two instructions permitting his recovery if defendant's act was prompted by malice and was without probable cause. But the court refused a third instruction asked by him which allowed a recovery merely for a wrongful attachment without regard to malice or probable cause, and then found for defendant. From such finding we assume the court concluded that the evidence did not make a showing of malice, and in refusing plaintiff's third instruction the court has ruled that no action for damages lies where the attachment is sued out without malice and want of probable cause, although it be wrongfully procured; and that damages for a mere wrongful attachment can only be recovered by an action on the attachment bond.

The law is clear that in ordinary actions the party against whom the action is brought cannot recover damages, however ill-founded and wrongful the action

may have been. Payment of costs seems to be the only liability resting upon a defeated plaintiff.

It is likewise true that in an action for malicious prosecution of a civil suit there must be proof made of malice and want of probable cause. [Sharpe v. Johnston, 59 Mo. 557; Stubbs v. Mulholland, 168 Mo. 47.] The mere wrongful bringing of the action complained of will not sustain a case for malicious prosecution. That is to say, if one asserts and stands upon a right to maintain an action for malicious prosecution, he will fail if he goes no further than to prove the prosecution was wrongful. The cases cited and others of like character from this state, go no farther than that.

But we have a different question from that. The basis of plaintiff's case is not that defendant prosecuted an ordinary action against him, but that he instituted an extraordinary action in aid of the principal one by suing out an extraordinary writ of attachment, whereby he seized plaintiff's property. We have not been referred to a case in this state which decides that an action for a wrongful attachment cannot be maintained. On the contrary the right was asserted by the St. Louis Court of Appeals in an opinion by one of the most distinguished members of that court, Judge ROMBAUER. [Fry v. Estes, 52 Mo. App. 1.]

In other states the cases are not in harmony. In Lindsay v. Larned, 17 Mass. 190, and Wilcox v. McKenzie, 75 Ga. 73, and perhaps some others, it is held that no action can be maintained for merely wrongfully procuring an attachment, and that the only instance in which a plaintiff in attachment can be held liable is when he takes out the attachment in malice and without probable cause. These courts seem to lose sight of a distinction between a mistaken or wrongful prosecution of a suit, and a wrongful seizure and detention of one's property by extraordinary process;

at least they do not refer to such distinction. They argue that as nothing but costs can be put against a plaintiff who is unsuccessful in his suit, so nothing more serious should result to him if he proceeds wrongfully, without malice, to sue out extraordinary process in aid of his suit and thereby seize the defendant's property.

In other states an action for damages for wrongful attachment is directly sanctioned. [McLaughlin v. Davis, 14 Kan. 135; Half v. Curtis, 68 Tex. 640; Sanders v. Hughes, 2 Brev. (S. C.) 495; Reukert v. Elliott, 79 Tenn. 235; Jerman v. Stewart, 12 Fed. Rep. 266; Kirksey v. Jones, 7 Ala. 622; Donnell v. Jones, 13 Ala. 490.]

It is a part of the argument by those denying the right to the action unless the act was malicious and without probable cause, that the law recognizes the payment of costs as the only punishment for ill-founded attachments and as a deterrent to hasty seizures, on the ground that if one were liable to any other damage, the hazard would be too great and many would prefer to lose just claims rather than take the risk. That reasoning might be of some force if it were not that by the terms of the law, where attachment bonds are required, as by our statute, an attaching plaintiff who fails in the attachment, is made liable on the bond for a wrongful attachment, regardless of any question of malice or probable cause. So that, practically, the question is merely one of procedure; and not one of fundamental right, shielding an attaching creditor from the risk of mistake in taking out the writ and laying hold of his debtor's property. If such creditor may be sued on his attachment bond and damages recovered for a merely wrongful attachment, why may not the action be brought on the case and recovery had for the same thing? Why should he be compelled to sue upon the bond? Suppose the bond was, for some reason, invalid? In Half v. Curtis, supra, the court,

referring to the trial of that case, said: "The appellants asked the court to instruct the jury, in effect, that the appellee was not entitled to recover even actual damages, if the attachment was not malicious and without probable cause, though they might believe that the writ was wrongfully sued out and levied. This charge the court refused to give. . . . The province of the attachment bond is to give security to the defendant on which he may rely if the attachment be wrongfully sued out and as to the sureties is the foundation of their liability. Not so, however, as to the plaintiff, who wrongfully avails himself of process which is too often used for purposes and in cases never contemplated by law. As against a plaintiff using such process, the basis of his liability is its abuse or wrongful use whereby a defendant is deprived of the use and possession of his property, or it may be of the property itself."

In Sanders v. Hughes, supra, the court said that "the plaintiff is not bound to sue upon such bond, for any injury he may sustain for suing out the attachment. But he may sue at common law. The bond was intended as additional security."

In McLaughlin v. Davis, supra, Justice BREWER says (italics our): "In a petition to recover damages for the wrongful issue of an attachment, it is unnecessary to aver a want of probable cause for the suing out of the attachment. A party is entitled to an attachment only when *certain facts exist,* not when there is probable cause to *believe* they exist. If they do *not* exist, the attachment is wrongfully issued, and the party causing it to issue is liable for all the damages *actually* sustained. Nor is it necessary in such case to set out or sue on the undertaking."

A general statement of the law is made in 3 Am. and Eng. Ency. Law (2 Ed.), 245, as follows:

"In a few jurisdictions it is maintained that to give an attachment defendant a right of action for the

wrongful suing out of an attachment, independently of statute and not under the attachment bond, proof of malice is necessary. But, the more prevalent rule is that the attachment defendant has a right of action not based upon the bond, but sounding in tort for an attachment merely wrongful.'' See, also, Shinn on Attachment, sec. 360.

Our conclusion is that an action for wrongful attachment may be maintained, for actual damages, without reference to whether a bond has been given and without proof of malice and want of probable cause.

But it is said by counsel that our holding was to the contrary when the cause was here on the other appeal. That view is a misconception of the opinion, for it is expressly stated by Judge BROADDUS, at page 566 of the report, that if one fails in his attachment, he will be liable for the actual damage sustained.

But it is earnestly urged that if the foregoing view should be conceded, the refused instruction was erroneous in that it authorized, in estimating actual damages, the allowance of reasonable and necessary expenses of the trial, including attorney's fees. The ground taken is that if an action for wrongful attachment may be sustained, the measure of damages would be confined to the loss of property rights, etc., but would not include expense of trial, attorney's fee, etc. A consideration of this point involves a partial repetition of what has been already written. We have stated that in ordinary cases costs are all that a plaintiff may recover in addition to compensation for property loss, and we have stated that such cases were to be distinguished from this. This case presents a consideration of the damages arising from a wrongful attachment. The extraordinary process of attachment is allowed by statute, and that statute (secs. 370, 372, R. S. 1899) recognizes and authorizes damages beyond costs of the action. It authorizes and allows expense of preparation for trial, attorney's fees,

etc. [State to use v. Beldsmeier, 56 Mo. 226, 231; State ex rel. v. Goodhue, 74 Mo. App. 162.] And requires that the payment of such damages shall be secured by bond with sureties. The fact that the statute requires the payment of such damages to be secured, does not affect or restrict the right to recover them. The right, though given along with the requirement of a bond, is given independently of the bond. It could not be said, and defendant does not say, that expenses and attorneys' fees could not be recovered were this an action on the bond. If recoverable on the bond, they may be on the case without the bond; for the bond does not bring into existence the right to the damages, it merely secures their payment. So, it will be observed from reading the authorities from which we have quoted that it is expressly stated the right to the damage does not depend upon the bond nor to the action being brought thereon.

The petition in this case was denominated an action for malicious attachment, for the reason that it included allegations of the writ being prosecuted maliciously and without probable cause. But in a case of this nature those allegations merely characterize the act and aggravate the damages. The wrongful attachment may exist without malice and probable cause; and proof of a wrongful attachment will sustain the action though there be no evidence of malice and want of probable cause, a failure of proof of the latter elements depriving the plaintiff of anything more than actual damages.

The foregoing disposes of the principal point made in the briefs and argument and upon which it was determined in the trial court. But defendant makes a suggestion which it contends should preclude plaintiff from any complaint at all, and that is that plaintiff was not the owner of the property attached. It appears that the property was capital stock, and plaintiff had sold it, whereby he became liable on a warranty of

151 App—35 ·

title; that he took a note for the purchase price, holding the stock as security for the note, and that he delivered both the stock and the note to another party as collateral security for a note he owed the latter. We will not go into the matter in this court, since the trial court is the place to first make the issues. In so far as we are informed as to the matter, it would perhaps be well if the petition were amended setting out the facts as to ownership or the property right in the plaintiff.

The judgment is reversed and the cause remanded. All concur.