SLAUGHTER, Respondent, v. NOLAN et al, Appellants.

(169 N. W. 232).

(File No. 4320. Opinion filed Nov. 4, 1918).

(1). **Malicious Prosecution—Malice, Want of Probable Cause—Imperfect Pleading, Objection to Evidence Under—Proof, Necessity Of.**

.Where, in a suit for damages for wrongful levy of attachment, the complaint was not specified in alleging malice and want of probable cause, such imperfection would not excuse proof thereunder, as against objection to receipt of evidence under the complaint.

**(2).   Same—Proof of Malice, Want of Probable Cause, Question for Jury—Directing Verdict.**

Conceding the evidence was ample to establish malice and want of probable cause, in a suit for damages for wrongful attachment, the question was one for the jury, and verdict should not have been directed—unless respondent's contention that an action, not upon attachment bond, will lie for wrongful attachment, even though there was probable cause, or though there was no malice, is sound.

**(3).   Attachment—Wrongful Attachment—Probable Cause, Want of Malice, Whether Common Law Suit Lies For—Rule.**

A common law action will not lie, independently of an attachment bond, for wrongful attachment, even though there was probable cause, or though attachment creditor was not actuated by malice; since the mere fact that one person institutes suit against another does not give rise at common law to a cause of action in favor of the other.

**(4).   Malicious Prosecution—Wrongful Attachment—Requirement of Bond, Effect, Re Liability Independent of Bond.**

The mere fact that the statute requires an attachment bond as a condition to levy of an attachment, creates no liability independent of the bond.

Smith, J., not sitting.

Appeal from Circuit Court, Tripp County.  Hon. WILLIAM WILLIAMSON, Judge.

Action by Chester Slaughter, against M. K. Nolan and E. A. Dwyer, to recover damages for wrongful levy of an attachment. From a judgment for plaintiff, and from an order denying a new trial, defendants appeal. Reversed.

*E. O. Patterson,* and *O. D. Olmstead,* for Appellants.

*R. H. Molitor,* and *W. J. Hooper,* for Respondent.

(1) To point one of the opinion, Appellants cited:
Vesper v. Crane Co. et al., 130 Pac. 876.

Respondent cited:
Johnson v. Burnside, 3 S. D., 230; Sherwood v. City of Sioux Falls, 10 S. D. 405; 26 Cyc. 74.

(3) To point three, Appellants cited:
2 C. J. Sec. 111; 6 C. J. P. 416, 519; Frantz v. Hanford et al., (Ia.) 54 N. W. 474; Jones v. Fruin, 42 N. W. 283; Mitchell et al. v. Silver Lake Lodge No. 84, I. O. O. F., (Wash.) 45 Pac. 798; Collins v. Shannon, (Wis.) 30 N. W. 730; World's Fair Min. Co. v. Powers, 100 Pac. 957; International Hdw. Co.

v. Ia. Hdw. Co., 20 L. R. A. (N. S.) 272; Mark v. Hyatt, 18 L. R. A. 275 (notes).

Respondents cited:

Sharpe v. Johnston, 59 Mo., 557; Stubbs v. Mulholland, 168 Mo., 47, 67 S. W., 650; McLaughlin v. Davis, 14 Kans., 168; Half v. Curtis, 68 Tex., 640 5 S. W., 451.

WHITING, P. J.   Plaintiff brought this action to recover damages which he alleged he had suffered because of an attachment which defendant had caused to be levied on his property, he alleging such attachment to have been wrongful.  This is not an action upon the attachment bond; neither is it an action based upon the issuance of an irregular or void process.  Verdict and judgment were for plaintiff.  From such judgment and an order denying a new trial, this appeal was taken.

We deem it necessary to consider but one question: Will this action lie without allegation or proof of malice and want of probable cause?  This question was raised by objection to introduction of evidence, by motion to direct verdict, and by exceptions to instructions given.

[1] Respondent contends that, while the complaint is not a model in not specially and directly alleging malice and want of probable cause, yet, as against the objection to receipt of evidence, the complaint was sufficient to support proof of malice and want of probable cause.  Conceding this to be true, it would not excuse such proof.

[2-4] Respondent contends there was ample evidence establishing malice and want of probable cause.  We think not, but, even if there were, and therefore the trial court did not err in refusing to direct a verdict, yet whether there was sufficient evidence to prove malice and want of probable cause was a question that should have been left for the decision of the jury, unless respondent's further contention is sound—an action, not upon the attachment bond will lie for a wrongful attachment even though there was probable cause for the attachment or even though the attachment creditor was not actuated by malice in causing the attachment.

It must be conceded that there are courts which hold that such an action will lie, but it seems clear to us that such holdings, except as they rest upon some statute, are not supported by reason

and they clearly are not by the decisions of the great majority of the courts. It is a well-established rule of law that:

"The mere fact that one person institutes a civil action against another does not give rise at common law to a cause of action in favor of the person sued. Whatever the injury resulting from the issuance of the judicial process the person procuring its issuance incurs no responsibility, provided he acts upon an honest conviction that the remedy is necessary to the enforcement of a legal right."

The gist of the action for malicious prosecution is the malice and want of probable cause. If it were not for these and both of these, a case even of wrongful criminal prosecution, no matter what damages it brought the party prosecuted, would present but a case of damnum absque injuria—damages without any violation of legal rights. It will certainly be an evil day when any person, who, honestly supposing himself, under the facts as he understands them, to be entitled to a remedy provided by law, shall, though acting in good faith in pursuing such remedy, lay himself open to a liability other than that which express statute may impose upon him as the price of availing himself of such remedy. As said in McFadden v. Whitney, 51 N. J. Law, 391, 18 Atl. 62:

"It may be affirmed that no well-considered case can be found in which an action of tort has been successfully maintained against a creditor for prosecuting a suit against his debtor, in which he strictly pursued all the forms and requirements of law, unless it appeared that he was actuated by malice. * * * The policy of the law has always been to guaranty immunity to suitors who, in good faith, adopt and pursue the due forms of the law, although they may ultimately fail to establish their claims."

Statutes have enlarged upon the common-law remedies, but, while granting certain new and in some cases extraordinary remedies, have coupled with the right to use some of them the obligation to give a bond to protect the other person from damages growing out of the wrongful use of such remedy; but the mere fact that the statute requires a bond as a condition to the seeking of a certain remedy creates no liability independent of the bond. This court has held that a statute requiring one engaging in a certain business to give an undertaking indemnifying certain parties from damages growing out of the pursuit of such business

does not warrant any action to recover such damages, except an action on the bond. Paulson v. Langness, 16 S. D. 471, 93 N. W. 655; Kemedy v. Garrigan, 23 S. D. 265, 121 N. W. 783, 21 Ann. Cas. 392. And yet it is because of a statute requiring a bond that the court in Overton v. Sigmore F. Mfg. Co., 50 Okl. 531, 151 Pac. 215, held that there could be an action not on the bond.

Different reasons have been advanced for holding that one can recover damages for a merely wrongful attachment, without suing on the bond. No court sustains such a suit except there exists in such jurisdiction a statute requiring a bond. In Tallbot v. Great Western Plaster Co., 151 Mo. App. 538, 132 S. W. 15, the court base their holding upon the proposition that, attachment being an extraordinary remedy, the same rule should not apply as to an ordinary action. It will be seen that this court ignores the existence of their statute providing for attachment bond. Why then should it not apply in case of wrongful garnishment? This is as much an extraordinary remedy, and certainly the mere fact that there is no statute requiring bond in garnishment proceedings in no respect makes the garnishment proceedings less extraordinary. If the law of the land gives to a party a certain remedy and, because of its extraordinary nature, requires him to secure the the adverse party against loss if the remedy is wrongfully used, then, if in a certain case the remedy is wrongfully used because of an honest error as to facts, there is no more grounds for a liability, other than the contracted liability, than where one without malice, but because of mistake as to facts, wrongfully brings an ordinary action.

The Missouri court, in this same case, also say: "Why should he be compelled to sue upon the bond? Suppose the bond was, for some reason, invalid." Such line of reasoning hits wide of the mark. It would certainly be a strange rule of law that, merely because it were possible that one, whom the statute requires to give bond, might possibly give an invalid bond, such possibility would of itself create a liability independent of the bond but a liability that would not exist if it were not for the statute requiring the bond. The possibility that one might give an invalid bond does not create a liability; but the fact that one took out an attachment based upon an invalid bond might well creat a liability —not for a wrongful attachment, but for an irregular or void at-

tachment.  And in this same case upon another appeal (Talbot v. Great Western Plaster Co., 167 Mo. App. 542, 152 S. W. 377), the same court, as does the Kansas court in McLaughlin v. Davis, 14 Kan. 168, suggests that a direct action will lie because, "Our statute allows an attachment to be issued only when certain facts exist—not when there is probable cause to believe they exist." It needs no argument to show where such a line of reasoning would lead.  A man has a right to bring an ordinary action "only when certain facts exist—not when there is probable cause to believe they exist."  Should we therefore say, in relation to an ordinary action, as the Missouri court says of a wrongful attachment:

"When no such facts do exist, the procurement of a writ of attachment is wrongful, and in an action on the case founded on such wrong the defendant in the attachment suit may recover compensatory damages, regardless of whether or not the plaintiff had probable cause for suing out the writ.  The good faith of plaintiff is without effect on such cause."

—or as the Kansas court says of a wrongful attachment:

"If they do not exist, the attachment is wrongfully issued, and the party causing it to issue is liable for all the damages actually sustained."

A leading case and one frequently cited is that of Stewart v. Sonneborn, 98 U. S. 187, 25 L. Ed. 116, an action based upon alleged wrongful bankruptcy proceedings.  In that case it was said:

"The jury were positively instructed to return a verdict for the plaintiff independently of any consideration of malice in the institution of the bankruptcy proceedings, or want of probable cause therefor.  If the charge was correct, then every man who brings a suit against another, with the most firm and reasonable belief that he has a just claim and a lawful right to resort to the courts, is responsible in damages for the consequences of his action, if he happens to fail in his suit.  His intentions may have been most honest, his purpose only to secure his own, in the only way in which the law permits it to be secured; he may have had no ill feeling against his supposed debtor, and may have done nothing which the law forbids.  Such is not the law.  It is abundantly settled that no suit can be maintained against an unsuccessful plaintiff or prosecutor, unless it is shown affirmatively that he was actuated in his conduct by malice, or some improper or sinis-

ter motive. * * * Certainly an action for instituting a civil suit requires not less for its maintenance than an action for a malicious prosecution of a criminal proceeding."

In Drake on Attachments, § 726, it is stated:

"But, in the absence of any statute conferring the right, the defendant cannot maintain an action against the plaintiff for the mere wrongful suing out of the attachment. Such an action, as we have seen, may be maintained on the attachment bond; but, on common-law principles, the element of malice is indispensable to authorize an action on the case."

To the same effect, see Wade on Attachments, § 311. See, also, Vesper v. Crane Co., 165 Cal. 36, 130 Pac. 876, L. R. A. 1915A, 541; Mark v. Hyatt, 135 N. Y. 306, 31 N. E. 1099, 18 L. R. A. 275 and notes; Storz v. Finklestein, 48 Neb. 27, 66 N. W. 1020; Frantz v. Hanford, 87 Iowa, 469, 54 N. W. 474; McFadden v. Whitney, supra; Lindsay v. Larned, 17 Mass. 190; Veitch v. Cebell, 105 Wis. 260, 81 N. W. 411, 76 Am. St. Rep. 914; Fitchell v. Silver Lake Lodge, 29 Or. 294, 45 Pac. 798; Abohosh v. Buck, 43 S. W. 425, 19 Ky. Law Rep. 1267; Wilcox v. McKenzie, 75 Ga. 73.

Among the items of damages claimed were one for loss of goods attached and another for injury to some returned. Such damages might be recoverable regardless of the wrongfulness of the attachment, and, if there were no other damages claimed, the judgment might be sustained on grounds entirely independent of those raised on this appeal. But among the elements of damage submitted to the jury were some that could only be recovered on the theory of liability for wrongful attachment.

The judgment and order appealed from are reversed.

SMITH, J., not sitting.