[No. 3331.   Jan. 30, 1930.]

MARRON v. BARTON.

[285 Pac. 502.]

J. S. Vaught, of Albuquerque, and Adlai S. Baker, of El Paso, Tex., for appellant.

Marron & Wood, of Albuquerque, for appellee.

## OPINION OF THE COURT

SIMMS, J.

Appellant wrongfully attached the household goods of appellees on a claim of $40.60, before a justice of the peace. After his attachment was dismissed by the district court to which it had been appealed, appellees brought this suit for compensatory and punitive damages. They alleged that the writ was "falsely, maliciously and without probable or reasonable cause" sued out, and "wrongfully, maliciously and without probable cause" levied. Appellant defended on the ground that he acted in good faith, without malice, and under the advice of counsel.

The trial court found that appellant had no ground of attachment, and that it was wrongful, reckless, and without probable cause, although done wholly under advice of counsel. He refused to find that actual malice existed, awarded compensatory damages of $300 and costs, and denied appellees punitive damages.

We have held that one who wrongfully attaches another's property must respond in damages to compensate the injury, without regard to the existence of either malice or probable cause. Schofield v. Territory ex rel. American Valley Co., 9 N. M. 526, 56 P. 306. That case was a suit upon the attachment bond and involved no punitive damages.

Appellant treats the action as one for malicious prosecution and says that since the trial court found that he acted without express malice and wholly upon the advice of counsel, there is no warrant of law for holding him liable for compensatory damages in this action. The courts of Missouri, from which we took our attachment statute (sections 4299-4339, Code 1915) have held that one injured by wrongful attachment may disregard the bond and sue for the tort. Talbott v. Great Western Plaster Co., 151 Mo. App. 538, 132 S. W. 15, 17. In that case, as here, the complaint alleged malice and lack of probable cause. The court said:

"In a case of this nature those allegations merely characterize the act and aggravate the damages. The wrongful attachment may exist without malice and probable cause; and proof of a

wrongful attachment will sustain the action, though there be no evidence of malice and want of probable cause; a failure of proof of the latter elements depriving the plaintiff of anything more than actual damages."

In the case of McLaughlin v. Davis, 14 Kan. 168, Judge Brewer disposes of a similar contention in an action for wrongful attachment in these words:

"In this petition, it is true, there are allegations appropriate to an action for malicious attachment, and unnecessary in one for a mere wrongful attachment. But all these may be ignored, as surplusage. There is not enough to make out the former action, but ample for the latter. Of course, being simply an action for a wrongful attachment only actual damages can be recovered. * * *"

See also Miller v. Smith, 1 F.(2d) 292, where the Circuit Court of Appeals of the Eighth Circuit discusses the right to sue for wrongful attachment, without resorting to the bond and without showing malice or want of probable cause.

We are not unmindful that the authorities are not in entire accord on this matter, but we believe these mentioned have enunciated the correct rule.

Finding no error in the judgment, we conclude that it should be affirmed and the cause remanded, and it is so ordered.

BICKLEY, C. J., and PARKER, J., concur.

WATSON, and CATRON, JJ., did not participate.