The Board of Supervisors of Ashland County vs. Stahl, imp.

---

THE BOARD OF SUPERVISORS OF ASHLAND COUNTY VS. STAHL, imp.

*February 24 — March 9, 1880.*

48 593
105 262

COUNTY. (1) Liability for acts of district attorney.
ATTACHMENT. (2, 3) Remedy for wrongful attachment.

1. Whether a county of this state is liable for damages, where the district attorney has attached property maliciously and without probable cause, in behalf of the county, *quære.*
2. For damages resulting from an attachment (against property) merely wrongful, without averment of malice or want of probable cause, the remedy in case of a discontinuance of the attachment suit was that prescribed by secs. 32, 34, p. 1476, Tay. Stats.; and not by an independent action, nor by counterclaim in a subsequent action by the county against the attachment debtor.
3. Whether, where the court immediately adjourned after the discontinuance of an attachment suit, in the absence of defendant's attorney, it could still enable defendant to have his damages assessed in the attachment suit under the statutory provisions above cited, is not here determined; but he has, at least, no other remedy.

VOL. XLVIII. — 38

APPEAL from the Circuit Court for *Ashland* County.

Defendant appealed from an order sustaining plaintiff's demurrer to a counterclaim set up in the answer. The nature of the counterclaim, and the grounds of the demurrer, will sufficiently appear from the opinion.

The cause was submitted on the brief of *John H. Knight* for the appellant, and on separate briefs of *W. M. Tomkins* and *H. N. Setzer* for the respondent.

For the appellant it was argued, among other things, that whenever a person unlawfully takes the property of another, and deprives the owner of its use and enjoyment, the law raises a promise on the part of the wrongdoër to compensate the owner for the value of the property or for the loss of its use; and the amount may be alleged as a set-off in an action *ex contractu* by the party liable therefor. *Norden v. Jones*, 33 Wis., 600, and cases there cited. The promise is implied from the facts, and need not be alleged. Bliss on Code Pl., 381; *Farron v. Sherwood*, 17 N. Y., 227; *Jordan, etc., v. Morly*, 23 id., 553; 31 Ind., 227; 34 id., 106; 22 Cal., 235. The remedy provided by statute is merely cumulative, no negative words being used to indicate that it was intended to be exclusive. *Farmers' Turnpike Road v. Coventry*, 10 Johns., 389; *Crittenden v. Wilson*, 5 Cow., 165; *Livingston v. Van Ingen*, 9 Johns., 507; *Renwick v. Morris*, 7 Hill, 575; *Lane v. Salter*, 51 N. Y., 1; *Goodrich v. Milwaukee*, 24 Wis., 422. In Alabama it has been held that an action on the case can be maintained by the defendant in an attachment suit against the plaintiff therein, for damages sustained from an unlawful taking of the property under the writ, although the attachment was resorted to without malice; and this upon the ground that, by the statute declaring the plaintiff's liability for damages by reason of the attachment, the legislature intended to make him liable for the taking and detention of the property, although without malice or corrupt motive (*Wilson v. Outlaw*, Minor, 367; *Kirksey v. Jones*, 7 Ala., 622);

and the statutes of this state establish the same rule of liability.

For the respondent it was argued, among other things, 1. That the claim demurred to sounds in tort, and cannot be set up as a counterclaim in this action. R. S., sec. 2656; *Drake v. Cockroft*, 10 How. Pr., 377; *Edgerton v. Page*, 14 id., 125; *McCraney v. Alden*, 46 Barb., 272; *Culbertson v. Lennon*, 4 Minn., 51; *Folsom v. Carli*, 6 id., 420; *Akerly v. Vilas*, 21 Wis., 88. 2. That the statute provides an exclusive remedy for the alleged damages. R. S., secs. 2747–8. Where, as in New York for example, the statute merely requires a bond to indemnify the attachment defendant against damages resulting from the attachment, without any provision for the assessment of such damages, an action for the wrongful suing out of an attachment can be maintained, in the absence of malice, only on the bond. 1 Wait's Act. and Def., 428, and cases there cited; *Tallant v. Burlington Gas Light Co.*, 36 Iowa, 262. Our statute goes further, and provides for assessing the damages in the attachment suit; and this is the exclusive remedy, in the absence of malice. Dwarris on Stats. (Am. ed.), 275, note 5.

COLE, J. By his counterclaim the defendant *Stahl* seeks to recover damages for the wrongful seizure and taking of his real and personal property under the writ of attachment which was sued out in a former action commenced on behalf of the county on his official bond, by the district attorney. The ground of the attachment was, that *Stahl*, while acting as county treasurer, had fraudulently incurred an obligation to the county. It is stated that *Stahl*, by answer duly verified, denied the material facts contained in the affidavit of the district attorney for the writ of attachment; and that on the issue thus joined the circuit court found in his favor, dissolved the attachment and restored the property to his possession. Afterwards, it is alleged that the action was discontinued by the

plaintiff because it had been prematurely commenced, and, within an hour after such discontinuance had been entered, and while defendant's attorney was absent from the court room, the court adjourned the term. In consequence of such adjournment, the defendant did not have the necessary steps taken to have adjudged to him the damages and losses which he sustained by reason of the attachment.

These are the material facts on which the counterclaim is founded. Now, several objections are taken on the demurrer to the counterclaim as set forth. It is said, (1) that the claim was one which must be first presented to the county board for allowance before suit could be brought upon it; (2) that no suit could be maintained for the damages resulting from the unlawful attachment unless that action was instituted maliciously and without probable cause, so as to amount to a tort, which would not be a proper counterclaim in this action; and (3) that the defendant's exclusive remedy for the damages was in the original attachment suit.

We will not attempt to determine definitely whether either of the first two points is well taken or not. The learned counsel for the defendant has referred to cases which hold that an action may be maintained by the attachment debtor for damages sustained where his property has been unlawfully attached or interfered with. In *Wilson v. Outlaw*, Minor (Ala.), 367, it is said that it is not necessary to prove malice in order to recover in such an action. In that case want of probable cause was alleged, and the decision is rested somewhat on the language in the attachment bond which was required to be given by statute. A serious doubt may be entertained whether this decision is not in conflict with the weight of authority in this country upon the subject; and it is noticeable that after it was made the legislature of that state enacted a law which provided that, when any attachment was wrongfully and vexatiously sued out, the defendant therein might have an action for the damages which he had

sustained on account thereof, whether the attachment suit were ended or not. *Kirksey v. Jones*, 7 Porter, 622; see Drake on Attachments, ch. 39; Cooley on Torts, 187. In many of the states it is held that an action for an attachment maliciously obtained is governed by the principles of law applicable to a suit for malicious prosecution, and that it is essential that three things should concur or be established in order to maintain such action: namely, want of probable cause, malice in the attachment plaintiff, and damage to the attachment defendant. See Drake, above. In the light of these authorities it is manifest that the counterclaim is fatally defective if it really proceeds for damages for an attachment maliciously prosecuted; for surely there is no allegation of malice on the part of the district attorney in suing out the attachment, or want of probable cause.

But, without deciding, or even intending to intimate, that a county in this state could be subjected to damages in a case where the district attorney attached property maliciously and without probable cause, on behalf of the county, we will proceed to consider the facts out of which the counterclaim arises. And it is quite apparent, we think, when we examine them, that the ground of the action is for damages resulting from an attachment merely wrongful, where there was no element of malice or want of probable cause in the case. Now, for the recovery of damages on that ground, we are clearly of the opinion that the remedy of the defendant is in the attachment suit, and that an independent action cannot be maintained for them as is attempted to be done in the counterclaim. Our statute provides that before a writ of attachment shall be executed, a written undertaking on the part of the plaintiff, with sufficient surety, shall be delivered to the officer having the writ of attachment, to the effect that, if the defendant recover judgment, the plaintiff shall pay all costs that may be awarded to the defendant, and all damages which he may sustain by reason of the writ of attachment, not exceeding the

sum specified in the undertaking. Section 7, ch. 130, Tay. Stats. In subsequent sections of the chapter it is further provided, that, if the action be dismissed or discontinued, the court, upon the request of the defendant, may empanel a jury, which shall proceed to assess the damages sustained by the defendant by reason of the attachment, and the court shall render judgment thereon in favor of such defendant. Section 32. The defendant may issue an execution on such judgment, and may also commence an action on the plaintiff's undertaking, for the recovery of such judgment. Section 34. These provisions afford a complete and ample remedy to recover all damages for wrongfully suing out an attachment, and are exclusive in their character. And if upon common-law principles an action would otherwise lie upon the facts stated, we have no doubt that these provisions were intended to supersede or be a substitute for such action.

Nor does the fact that the court adjourned the term as soon as the attachment suit was discontinued, while the defendant's counsel was absent from the court room, tend in any way to strengthen or aid the counterclaim. The defendant's remedy, if any still remains to him, for the assessment of his damages in consequence of the attachment, is in that suit. Of course we express no opinion whether it is in the power of the court to enable the defendant to take the necessary steps in that cause to have adjudged to him his damages and losses, or not. That question is not now before us.

It follows from these views that the demurrer to the counterclaim was properly sustained.

*By the Court.* — Order affirmed.