McDONALD vs. VINETTE, Garnishee, etc.

*October 29 — November 20, 1883.*

GARNISHMENT. *(1) Strict compliance with statute. (2) In aid of execution in justice's court: summons, when returnable.*

EXECUTION: *(3) In justice's court, when returnable.*

1. The authority to institute and prosecute garnishee proceedings is entirely statutory, and unless the requirements of the statutes are complied with the proceedings cannot be sustained.
2. A garnishee summons issued under sec. 3700, R. S., confers no jurisdiction unless it is made returnable on the return day of the execution.
3. The return day of an execution issued under secs. 3682–3, R. S., is the thirtieth day after its issuance.

APPEAL from the Circuit Court for *Chippewa* County.

October 21, 1881, the plaintiff recovered judgment in the municipal court of Chippewa county against one William Ferguson. May 13, 1882, execution in due form was issued on such judgment by the municipal judge, and placed in the hands of a constable for collection. On the same day (on proper affidavit) the constable issued a garnishee summons to the respondent, *Vinette*, returnable before the municipal judge, June 13, 1882, and served the same on him, and also on the execution debtor. The garnishee failed to appear on the return day of such summons, and thereupon the municipal judge rendered judgment against him on the same, June 13, 1882, for the full amount of the original judgment against Ferguson, and for costs, amounting in all to nearly $400. The garnishee, *Vinette*, thereupon, by writ of *certiorari*, removed the proceedings and judgment against him to the circuit court for review, and that court reversed the judgment of the municipal court. The plaintiff appeals to this court from the judgment of reversal.

*Arthur Gough*, for the appellant, contended, *inter alia*, that the words "within thirty days" mean "in thirty days"

or at "the end of thirty days," citing *Adams v. Commisky*, 4 Cush., 420; *Badger v. Glens Falls Ins. Co.*, 49 Wis., 389.

For the respondent the cause was submitted on a brief signed by *Hollon Richardson*, his attorney, and *E. S. Thompson*, of counsel.

Lyon, J. The statute under which the garnishee summons was issued (R. S., sec. 3700) is imperative that such summons shall be made returnable on the return day of the execution. The execution was in the form prescribed in secs. 3682 and 3683. It commanded the officer to collect the amount specified in it and return the same to said judge "*within* thirty days," etc. The process was issued and put in the hands of the constable, May 13th. Excluding that day from the computation, and the return, to be within thirty days, must have been made on June 12th, which is the thirtieth and last day allowed. The language of the statute gives no support to the position, very ingeniously maintained by the learned counsel for the plaintiff, that the officer has the full thirty days in which to collect, and may make his return on the thirty-first day. The mandate to him is both to collect and make return within thirty days. The return day of the execution was, therefore, June 12th, 1882, and the garnishee summons should have been made returnable on that day. The authority to institute and prosecute garnishee proceedings is entirely statutory, and unless the requirements of the statutes are complied with the proceedings cannot be sustained. The statute gives no authority whatever to issue a summons returnable on any day other than the return day of the execution. The garnishee defendant cannot lawfully be required by the summons to appear and answer touching his liability on any other day. A departure from the statute requirement of a single day is as fatal to the proceeding as one of a month or three months. The principle is the same in either case.

The municipal judge could only take jurisdiction of the garnishee defendant upon a summons issued and made returnable as the statute requires, and duly served. No such summons was returned to him by the constable, and (the garnishee not appearing) he lacked the first essential element of jurisdiction of the person (if not of the subject matter), to wit, a valid process. Hence, the judgment of the municipal court rendered against the garnishee by default is unauthorized and void, and the circuit court properly reversed it on *certiorari*.

*By the Court.*— The judgment of the circuit court is affirmed.