THE HARRISON MACHINE WORKS, Respondent, vs. HOSIG, Appellant.

*December 4— December 22, 1888.*

PRACTICE: ATTACHMENT: APPEAL. *(1) Denial of motion: Error in copy served of order to show cause. (2) Dismissal of action: Assessment of defendant's damages: Request. (3) Appealable orders: Several appeals: Costs.*

1. In the copy served of an order to "show cause why an order should not be entered dismissing the action," etc., the word *dismissing* had a pen-mark drawn through it. *Held,* that the motion should not have been denied merely for that reason.

The Harrison Machine Works vs. Hosig.

2. Where an action in which the defendant's goods have been attached
is dismissed, he is entitled upon request (under sec. 2747, R. S.) to
have a jury impaneled to assess his damages by reason of the tak-
ing of his property, although no request to that effect was con-
tained in his motion to dismiss.

3. In an action in which the defendant's goods had been attached the
plaintiff failed to file security for costs as required. The court
made an order denying defendant's motion to dismiss the action
and for judgment for his damages, etc., but afterwards made a
second order dismissing the action but denying defendant's motion
for judgment for his damages, etc., and also a third order dismiss-
ing the action and denying defendant's motion and request for
judgment in his favor and to have a jury impaneled to assess his
damages, etc. The defendant took one appeal from the first and
third orders, and a separate appeal from the second order. *Held*,
that each of the several orders was appealable, but, as all might
have been embraced in one appeal, costs will be allowed to the ap-
pellant on one appeal only.

APPEALS from the County Court of *Dodge* County.

The following statement of the case was prepared by
Mr. Justice CASSODAY:

This action was commenced in the county court of Dodge
county by the service of summons and complaint, and per-
sonal property of the defendant to the amount of $690 was
attached, August 23, 1887. An answer was served October
5, 1887. Upon an affidavit showing that the plaintiff was
a corporation organized under the laws of Illinois, and on
October 25, 1887, the court ordered the plaintiff to file se-
curity for costs in the sum of $500 within twenty days after
the service of a copy of that order on the plaintiff's attor-
ney, and that all proceedings on the part of the plaintiff
therein be stayed until such security be filed. Such copy
was so served November 1, 1887. November 17, 1887, the
plaintiff obtained an order from the trial court extending
its time to file such security twenty days. December 17,
1887, the plaintiff obtained another order extending such
time for twenty days longer. Upon an affidavit showing
such facts, and that the time for filing such security had ex-

pired, the trial court ordered the plaintiff to show cause, January 30, 1888, "why an order should not be entered *dismissing* said action, and why the defendant should not have judgment for his damages, costs, and disbursements." Upon the hearing of that motion, it was made to appear that in the copy served of such order to show cause the word "dismissing" — above in italics — had a pen drawn through it; and the said court thereupon, and on January 30, 1888, "ordered that said motion be, and the same hereby is, denied, with ten dollars costs of this motion." This is one of the orders appealed from, and for convenience will be designated as "Order No. 1."

Upon a new affidavit showing the facts above stated, the defendant obtained an order for the plaintiff to show cause, February 7, 1888, "why an order should not be entered herein dismissing said action, and why the defendant should not have judgment for his damages, costs, and disbursements." Upon the hearing of this last order to show cause, an affidavit was read, to the effect that order No. 1 was entered as aforesaid without leave to renew such motion; and thereupon, and on said February 7, 1888, the said trial court, at the instance of the defendant, in effect, "ordered that said action be, and the same is hereby, dismissed," but therein denied the defendant's motion and request to have judgment in his favor and to have a jury·impaneled to assess the damages he had sustained by reason of such taking and detention of his said property on such attachment. This order, so made February 7, 1888, will, for convenience herein, be designated as "Order No. 3."

On the said February 7, 1888, and upon the hearing of the said last-named order to show cause, the said trial court also, at the instance of the plaintiff, in effect, separately "ordered that the said motion to dismiss said action be, and the same hereby is, granted; and that said motion for judgment for defendant's damages, costs, and disbursements be,

The Harrison Machine Works vs. Hosig.

and hereby is, denied; and said cause is hereby dismissed without damages, costs, or disbursements." This last order will for convenience herein be designated as "Order No. 2."

February 27, 1888, the defendant appealed from the whole of said order No. 1; and also, in the same notice, from that part of said order No. 3 in effect refusing to enter judgment for said defendant and in effect refusing to impanel a jury at his request to assess his damages by reason of such taking and detention of his said goods on such attachment. May 10, 1888, the defendant separately appealed from that part of said order No. 2 in effect refusing the defendant's motion for damages, costs, and disbursements, and dismissing said action without damages, costs, and disbursements.

Motions to dismiss the appeals were made by the respondent and argued on behalf of the respective parties, and the appeals were subsequently argued on their merits.

For the appellant there was a brief by *J. E. Malone*, attorney, and *J. J. Dick* of counsel, and oral argument by *J. J. Dick*.

*H. W. Sawyer*, for the respondent, contended, *inter alia*, that the appeal from order No. 2 should be dismissed because, although it was duly entered and of force when the appeal was taken from the other two orders, the defendant did not embrace it in that appeal, as he might have done under ch. 49, Laws of 1883. The word *may* in that act should be construed as *must*. *Harrington v. Smith*, 28 Wis. 59; *Ryegate v. Wardsboro*, 30 Vt. 746. Otherwise the appellant may take separate appeals from several orders, and if he succeeds will recover costs in each case, and the court has no discretion in the matter. R. S. sec. 2949. But if all are included in one appeal the costs are within the discretion of the court. Sec. 2, ch. 49, Laws of 1883. Order No. 3 was not appealable because (1) order No. 2 dismissed the action and disposed of all questions in the case. (2) It was

entered at appellant's request and purely in his interests, without plaintiff's knowledge. *Volenti non fit injuria. Rogers v. Hœnig,* 46 Wis. 361. (3) The appeal from this order is from that part thereof "refusing to enter judgment for said defendant, and refusing to impanel a jury at the request of the defendant *after said action had been dismissed.*" This was covered by the appeal from order No. 2. Where two appeals are taken to obtain relief which can be obtained in one, one will be dismissed. *Groner v. Hield,* 22 Wis. 205; *Hopkins v. Hopkins,* 39 id. 166; *Wis. River L. Co. v. Plumer,* 49 id. 668.

CASSODAY, J. The plaintiff is a corporation organized under the laws of Illinois. It is therefore a foreign corporation, within the meaning of our statute. Sec. 2943, R. S. In such a case, the defendant may require such plaintiff to file security for costs. *Ibid.* The defendant did make proof by affidavit of such fact entitling him to such security, and the trial court thereupon ordered the same, as required by statute. Sec. 2945, R. S. The plaintiff failed to file such security as thus required, notwithstanding the time for doing so had twice been extended. There was no appeal from that order, and we must therefore assume it was properly made, even if the security was given as required on the attachment proceedings. Sec. 2932, R. S. The plaintiff having failed to file such undertaking as thus required, the defendant thereupon became entitled, upon motion, to have the plaintiff's action dismissed by the court. Sec. 2946, R. S. January 30, 1888, the defendant moved the court, upon an affidavit showing such default, for an order dismissing the action, and for judgment for damages, costs, and disbursements. That motion was wholly denied, with costs, by order No. 1, appealed from. It is said that that motion was denied by reason of a pen-mark having been drawn through the word "dismissing"

in the copy served of the order to show cause. Such ground for refusal would seem to be too finical for the practical proceedings in courts of justice, where special regard is supposed to be had to the substance of things rather than mere verbal expressions. The purpose of the motion would seem to have been sufficiently manifest, and it should have been granted, at least to the extent of dismissing the action.

To that extent the same motion, on being renewed February 7, 1888, was in effect granted. It appears that on the decision of that motion the attorney of each party drew up an order and induced the court to sign the same. The substance of each of those orders is stated above, and there respectively designated as Order No. 2 and Order No. 3. But each of those orders granted the defendant's motion so far as to dismiss the action; and of course costs and disbursements would naturally follow as an incident, but were not allowed. Upon such dismissal of the action it became the duty of the court, on the request of the defendant, to impanel a jury to assess such damages, if any, as he had sustained by reason of the taking and detention of the property attached, or by reason of any injury thereto, in order to have such damages included in the judgment to be entered. Sec. 2747, R. S. It would seem that the defendant had no other remedy. *Ashland Co. v. Stahl*, 48 Wis. 593. Order No. 3 recites the issuance of the attachment, the sheriff's return showing the seizure and holding of the property attached, the defendant's request to have such jury impaneled to assess such damages, and his motion for judgment. There seems to be no substantial reason for denying such request. The statute cited secured such assessment to the defendant as a matter of right upon the showing made. So the defendant was entitled to his motion for judgment of dismissal with costs and disbursements, and for such damages, if any, as should

be so assessed. Such judgment would be entered after the assessment; or before, leaving a blank for such damages when so assessed. It is true such order to show cause upon which orders Nos. 2 and 3 were made contains no request for such impaneling of a jury, but, when the court announced its decision in favor of dismissal, the defendant became entitled to the impaneling of such jury upon simple request, which appears to have been made. It is true that in each of the orders to show cause the defendant moves for "judgment for his damages" as a part of such motion, and the same was denied in orders Nos. 1 and 2, respectively. The defendant was not entitled to judgment for such damages as a part of such motion, but only upon their being assessed by such jury as incident to such dismissal.

The defendant has taken an appeal from said orders Nos. 1 and 3 in one notice and undertaking, and a separate appeal from said order No. 2. We think each of these several orders was appealable. Sec. 3069, R. S. Each was made in an action and affected a substantial right, within the meaning of the statute. *Ibid.* The mere taking of the one did not waive the right to take the other. But since the act to simplify appeals authorizes a party to embrace two or more orders in one notice of appeal and one undertaking, it is obviously not the policy of the statute to allow him to increase his costs by bringing separate appeals. Sec. 3052, R. S.; ch. 49, Laws of 1883. Especially is this so where, as here, all the orders relate substantially to the same proceeding. The case must therefore be treated the same as though all three orders were embraced in the first appeal.

*By the Court.*— The motions to dismiss the appeals are denied, with $10 costs. Order No. 1 is wholly reversed. Order No. 2 is reversed in so far as it denied the defendant's motion for judgment with costs and disbursements,

and in so far as it may be implied therefrom that the defendant is to have no damages in any event.   Order No. 3 is reversed in so far as it denied the defendant's request to have a jury impaneled to assess such damages, and in so far as it refused the defendant's motion for judgment with costs and disbursements.   In so far as orders Nos. 2 and 3, respectively, dismiss the action, the same are affirmed.   The defendant is only allowed such costs in this action, in this court, as are taxable on the first appeal.   Sec. 2, ch. 49, Laws of 1883.   The cause is remanded for further proceedings according to law.