VEITCH and another, Appellants, vs. CEBELL, Respondent.

*December 16, 1899 — January 9, 1900.*

*Garnishment: Judgment for damages against plaintiff.*

The proceedings by garnishment being wholly statutory, in the absence of a statute no judgment for damages, by reason of the garnishment, is authorized in favor of the defendant against the plaintiff.

APPEAL from a judgment of the circuit court for Eau Claire county: JAMES O'NEILL, Circuit Judge. *Reversed.*

For the appellants there was a brief by *Frawley, Bundy & Wilcox,* and oral argument by *T. F. Frawley.*

*James Wickham,* for the respondent.

CASSODAY, C. J.   This action was commenced against the defendant *Cebell,* April 30, 1898, to recover $2,000 on a land contract.   On the same day the defendant bank was garnished.   The bank answered to the effect that it had on deposit to the credit of *Cebell* $5,698.93.   On June 15, 1898, the plaintiffs released from the lien of the garnishment $2,198.93 of the moneys so on deposit, and the balance of $3,500 remained on deposit subject to such lien until November 25, 1898, when the same was released from such lien by reason of the rendition of a judgment against the plaintiffs and in favor of *Cebell* in the original action, dismissing the complaint.   On February 28, 1899, the garnishee action was tried, and at the close thereof the court found in effect the facts stated, and also that *Cebell* had been damaged by being deprived of the use of the money so tied up in the bank by such garnishment in the sum of $123.33, and, as conclusions of law, that *Cebell* was entitled to judgment against the plaintiffs for such damages, besides the costs of such action, to be taxed, and ordered judgment to be entered accordingly.   From the judgment so entered in favor of *Cebell* for $123.33 damages and $36.75 costs, the plaintiffs bring this appeal.

The statute required the garnishee summons to be served on *Cebell* as principal defendant, as well as on the garnishee. Stats. 1898, sec. 2756.   It also authorized *Cebell,* as such principal defendant, to defend the proceeding against the garnishee, as he did.   Sec. 2765.   The statute also provided that, "if the defendant [in the principal action] have judgment, the garnishee action shall be dismissed with costs."   Sec. 2766. The subsequent part of that section does not modify the part of the section already quoted, but relates to the action of

the court in respect to the property in the hands of the garnishee, or his liability as garnishee. The statute also provided, among other things, that "if in the action against the principal defendant, the plaintiff shall be nonsuited or discontinue his action, or if on the trial in such action nothing shall be found due from the defendant to the plaintiff, then in each of these cases the garnishee shall recover costs against the plaintiff and no such costs shall be paid by the defendant." Sec. 3724. No other provision of the statute has been cited as regulating the entry of judgment in the garnishee action in favor of the principal defendant and against the plaintiff, and we find none. In cases of arrest and bail, replevin, attachment, injunctions, *ne exeat*, and receivers, the statutes make express provisions to compensate the defendant for any damages sustained. Secs. 2692, 2720, 2732, 2747, 2748, 2778. But no such provision is made in case of garnishment. The defendant *Cebell* was at liberty to save himself from any damage by giving the undertaking required by statute, but he failed to do so. Sec. 2771. The proceedings by garnishment are statutory. *McDonald v. Vinette*, 58 Wis. 619; *Morawetz v. Sun Ins. Office*, 96 Wis. 178. Since there is no statute authorizing such judgment for damages against the plaintiff and in favor of *Cebell* in the garnishee action, it is obvious that such judgment must be sustained, if at all, upon some principle of common law. The only remedy, if any, for a principal defendant whose funds are thus improperly tied up by garnishment would seem to be in an action for malicious prosecution. *Noonan v. Orton*, 30 Wis. 356; *Ashland Co. v. Stahl*, 48 Wis. 593; *Murphy v. Martin*, 58 Wis. 279; *Gundermann v. Buschner*, 73 Ill. App. 180. This last case is directly in point, and it was there held that "a detention of the funds of a defendant by garnishment is such an interference with his property as will sustain an action for damages, when malice and want of cause are shown." As no such showing in behalf of *Cebell* was

made in this action, it is manifest that the judgment in his favor was unauthorized.

*By the Court.*— The judgment of the circuit court is reversed, and the cause is remanded for further proceedings according to law.