5]        AUGUST TERM, 1922.            21

Commercial Inv. Trust v. Wm. Frankfurth· H. Co. 179 Wis. 21.

COMMERCIAL INVESTMENT TRUST, INC., Appellant, vs.
   WILLIAM FRANKFURTH HARDWARE COMPANY, Re-
   spondent.

*November 9—December 5, 1922.*

*Garnishment: Nature of action: Intervening defendants: Dam-
   ages for unfounded garnishment: Malice: Replevin: Damages:
   Attorneys' fees.*

1. The remedy afforded by garnishment is purely statutory, and
   though in its nature a proceeding *in rem* it is in effect an
   action by the defendant in the plaintiff's name against the
   garnishee, the purpose of which is to subrogate the plaintiff
   to the rights of the defendant against the garnishee.
2. A garnishment, though in form an action at law, is in sub-
   stance an equitable proceeding to determine the ownership
   of property in dispute, and results in what is termed an
   equitable levy.'
3. In garnishment proceedings, one claiming ownership of the
   property and intervening under sec. 2767, Stats., stands in the
   character of plaintiff before the court as to the nature of
   his title and the object of his demand, and is governed in his
   pleadings by the rules of practice which apply to plaintiffs
   in principal demands.
4. The claimant of property intervening in garnishment under
   sec. 2767, Stats., is entitled to recover damages for wrong-
   ful deprivation of the possession of property, though the
   proceedings in garnishment which resulted in the tying up of
   the property were not begun maliciously. *Veitch v. Cebell,*
   105 Wis. 260, distinguished.
5. The general rule is that a person whose property has been
   seized by an officer under process against the property of
   another may maintain an action of replevin for the recovery
   of the property no matter from whose possession it was taken;
   but a defendant in an execution or attachment cannot replevy
   goods in possession of an officer under a valid process.
6. The action of replevin is founded on a tortious taking and
   detaining and is analogous to an action of trespass, but is in
   part a proceeding *in rem* to regain possession of the goods
   and chattels and in part a proceeding *in personam* to recover
   damages for the caption and detention.
7. Sec. 2767, Stats., affords to a third party claimant intervening
   in a garnishment action the common-law and statutory remedy
   by replevin to restore the property to the rightful owner.

8. An intervening claimant of property involved in garnishment under sec. 2767, Stats., is entitled to maintain an independent action for damages for the tortious taking and detaining.

9. The right to furnish a bond and release the garnishment given by sec. 2771 is vested solely in the principal defendant, and an intervening claimant under sec. 2767 cannot do so.

10. Garnishment proceedings being purely statutory, the provisions of the statutes must be strictly adhered to.

11. In cases where the property is recovered to the owner, the damages for detention are usually measured by interest and depreciation in value.

12. Recovery of attorneys' fees, excepting as provided by statute in the form of taxable costs, etc., is not included or contemplated by the replevin statutes; and since sec. 2767, Stats., permitting a claimant to intervene in garnishment, takes the place of replevin, he is not entitled to recover moneys expended for attorneys' fees.

ESCHWEILER, J., dissents.

APPEAL from an order of the circuit court for Milwaukee county: GUSTAVE G. GEHRZ, Circuit Judge. *Reversed.*

The appeal is from an order sustaining the demurrer to the plaintiff's complaint. The action was brought to recover damages from the defendant for wrongfully depriving the plaintiff of seventy-five washing machines and seventy-five wringers from June 17, 1920, to February 1, 1922.

The defendant brought an action in the civil court of Milwaukee county against the Blue Bird Appliance Company and garnished the Chicago & Northwestern Railway Company and the Hansen Storage Company, claiming that they had property in their possession and under their control belonging to said Blue Bird Appliance Company. The railway company answered in the garnishment action that it had seventy-five washing machines and seventy-five wringers in its possession which it had received from the Blue Bird Appliance Company but which it had stored with the Hansen Storage Company. It further alleges that the Commercial Investment Trust, the predecessor of the plaintiff in the instant action, claimed to be the owner of

such property.    Said Commercial Investment Trust was
thereupon interpleaded as garnishee defendant in the action
in the civil court, and in its answer claimed title to said ·
machines and wringers and denied that the Blue Bird Ap-
pliance Company had any interest or title in said property.
To this answer of the Commercial Investment Trust the
*Hardware Company* took issue, and upon the trial there-
of it was determined that the property in question belonged
to the interpleaded defendant, and such property was there-
upon delivered to it.

The plaintiff in this action having lawfully succeeded to
all of the property and causes of action of the Commercial
Investment Trust brings this suit for the recovery of dam-
ages sustained by it, claiming that the defendant herein had
wrongfully deprived it of this property from June 17,
1920, to February 1, 1922, as the result whereof it has
sustained damages in the sum of $4,439.82.

It is conceded that the action and the garnishment pro-
ceedings in the civil court were instituted in good faith and
without malice.

For the appellant there was a brief by *Bottum, Hudnall,
Lecher & McNamara* of Milwaukee, and oral argument
by *Geo. B. Hudnall.*

For the respondent there was a brief by *McGovern.
Hannan, Devos & Reiss* of Milwaukee, and oral argument
by *John J. Devos.*

DOERFLER, J.    The trial court held in its written opinion,
and the defendant now contends, that the plaintiff can only
recover damages where its cause of action is based upon
malicious prosecution, and second, that under the provisions
of sec. 2771 of the Statutes the plaintiff could have filed a
bond in the civil court proceedings and obtained possession
of the property, and thereby have prevented any damages
from accruing.

The remedy afforded by garnishment is purely statutory,

and though in its nature a proceeding *in rem* it is in effect an action by the defendant in the plaintiff's name against the garnishee, the purpose of which is to subrogate the plaintiff to the rights of the defendant against the garnishee. *McDonald v. Vinette,* 58 Wis. 619, 17 N. W. 319; *Morawetz v. Sun Ins. Office,* 96 Wis. 175, 71 N. W. 109; 12 Ruling Case Law, 777.

A garnishment, though in form an action at law, is in substance an equitable proceeding to determine the ownership of property in dispute, and results in what is termed an equitable levy.

An intervener stands in the character of plaintiff before the court as to the nature of his title and the object of his demand, and is governed in his pleadings by the rules of practice which apply to plaintiffs in principal demands. 2 Ruling Case Law, 884.

Sec. 2767 of the Statutes in substance provides that, when the answer of the garnishee shall disclose that any other person than the defendant claims ownership of the property, such person may be interpleaded as a defendant to the garnishee action, and he is then required to answer, setting forth his claim to the property, or to make any defense which the garnishee might have made. Upon interpleader, if the interpleaded defendant defaults, the court may render judgment concluding him from any claim with respect to the property.

It is argued by the defendant that by reason of the provisions of the statutes the interpleaded defendant, having been made a party to the garnishee action and having been permitted to litigate his claim therein, and he thus having been provided with his day in court, is in no different position than the defendant himself, and under the ruling in the case of *Veitch v. Cebell,* 105 Wis. 260, 81 N. W. 411, is not in a position to recover damages for having been deprived of the possession of his property unless he can show that the proceedings in garnishment which

Commercial Inv. Trust v. Wm. Frankfurth H. Co. 179 Wis. 21.

resulted in the tying up of the property were begun maliciously, so as to form a proper basis for an action for malicious prosecution.

The relative positions of a defendant in a garnishment action such as the defendant in the *Cebell Case* and an interpleaded defendant are radically and fundamentally different. In the original action and proceedings in the civil court the plaintiff made no claim against the interpleaded defendant. In its principal action it sought to obtain judgment on a claim against the principal defendant, and in the garnishment action attempted to become subrogated to the rights of the defendant with respect to the title, possession, and disposition of the property in the hands of the garnishee defendant. No contract relations existed between the plaintiff and the interpleaded defendant, and while the interpleaded defendant claimed ownership of the property under the principal defendant, such ownership was in no way subject to any rights or interests on the part of the plaintiff. The interpleaded defendant admittedly is a third party, not in any manner involved in the litigation between the plaintiff and defendant in the civil court action, and his property, if it is either attached or levied upon on a claim made by the plaintiff in the civil court action, is wrongfully and tortiously taken and held.

The general rule, sustained by the great weight of authority, is to the effect that a person whose property has been seized by an officer under process against the property of another may maintain an action of replevin for the recovery of the property no matter from whose possession it was taken. 23 Ruling Case Law, 879, and numerous cases there cited. These cases proceed upon the theory that where property of one person is seized on a process against another there can be no legal custody, but that the same is tortious and that the person aggrieved thereby is entitled to the same remedy in the law as for any other tortious act. *Gilman v. Williams,* 7 Wis. 329; *Booth v. Ableman,* 16

Wis. 460; *Carpenter v. Innes,* 16 Colo. 165, 26 Pac. 140; *Philips v. Harriss,* 3 J. J. Marsh. (26 Ky.) 122; *Hawk v. Lepple,* 51 N. J. Law, 208, 17 Atl. 351.

And while the general rule appears as above stated, a defendant in an execution or attachment cannot replevy goods in possession of an officer under a valid process, for to allow him to question the validity of the seizure in an action of replevin would be against public policy, for it would be moving in a circle, and the creditor would never receive the fruits of his execution. 23 Ruling Case Law, 877; *Power v. Kindschi,* 58 Wis. 539, 17 N. W. 689.

But for the intervention provided for by sec. 2767 of the Statutes the plaintiff herein would have no remedy to recover possession of its property wrongfully attached and detained excepting by the action of replevin.

The action of replevin is founded on a tortious taking and detaining and is analogous to an action of trespass, but is in part a proceeding *in rem* to regain possession of the goods and chattels, and in part a proceeding *in personam* to recover damages for the caption and detention. It is a possessory action, the gist of which is the right of possession in the plaintiff and the wrongful seizure and detention by defendants, and the primary relief sought is the return of the property *in specie,* the damages being merely incidental. 23 Ruling Case Law, 854, 855.

In the affidavit for replevin the plaintiff must allege that the property has not been taken for any tax, assessment, or fine, pursuant to the statute, or seized under an execution or attachment against the property of the plaintiff, or, if so seized, that it is by statute exempt from such seizure. Sub. 4, sec. 2718, Stats. It would appear that the owner of property in all cases not included in the exceptions above quoted is entitled to maintain his action of replevin against any one who may have wrongfully taken or who wrongfully detains the same. The action of replevin being one of the original common-law actions based upon wrongful

taking and detention of personal property, expressly contemplates the recovery of damages for such unlawful taking and detention. It was undoubtedly the object of the legislature in enacting sec. 2767 of the Statutes to afford an owner such as the plaintiff in this action an opportunity to intervene in a garnishment action so that such ownership may be determined in such action. In other words, the statute affords the common-law and statutory remedy by replevin to restore the property to the rightful owner.

The plaintiff having taken issue in the garnishment proceedings in the civil court with the answer of the interpleaded defendant, and thereby having asserted title in the defendant and garnishment rights as against it, the plaintiff in this action, or its predecessor in interest, has been unlawfully deprived of the possession of its property, and in order to be afforded a remedy must be given a right to damages in an independent action such as the instant case. *First State Bank v. Clark,* 202 Ill. App. 283; *McIntosh v. Knox,* 40 Nev. 403, 165 Pac. 337.

The defendant in this action further contends that the predecessor of the plaintiff in the garnishment action in the civil court could have filed a bond under sec. 2771 of the Statutes and obtained possession of the washing machines and wringers, and thereby have prevented the accruing of any damage by reason of a wrongful detention of the property.

Sec. 2771 reads in part as follows:

"The defendant may at any time after the commencement of the action and before judgment file with the clerk of the court an undertaking, executed by at least two sureties, . . . to the effect that they will on demand pay to the plaintiff the amount of the judgment, with all costs that may be recovered against such defendant in the action, not exceeding a sum specified, which sum shall not be less than double the amount of the indebtedness specified in the affidavit of garnishment or in such less sum as the court shall, upon application, direct. If the plaintiff shall fail to

take issue with the answer of the garnishee defendant within the time prescribed by law, then the undertaking provided for in this section shall be conditioned to pay to the plaintiff only the amount of the indebtedness admitted or value of the property held by said garnishee defendant. The sureties shall justify their responsibility by affidavit annexed, stating a sum which each is worth in property within this state, over and above all his debts and liabilities and property exempt from execution, the aggregate of which sums shall be double the amount specified in the undertaking."

A careful reading of the section just quoted is conclusively convincing that the right to furnish a bond and release the garnishment is vested solely in the principal defendant. The interpleaded defendant is in no manner interested in the alleged debt of the principal defendant to the plaintiff. The undertaking provided for in said section is based primarily upon the amount of the alleged claim of the plaintiff in the civil court action against the principal defendant, and the amount thereof, unless otherwise ordered by the court, is double the amount of plaintiff's alleged claim. Garnishment proceedings, as has heretofore been stated, are purely statutory, and the provisions of the statutes must be strictly adhered to. If it had been the intention of the legislative body to permit the interpleaded defendant to furnish an undertaking, such intention has not been expressed. We are of the opinion that a reading of the statutes pertaining to garnishment leaves no doubt upon the subject and extends the right to furnish the undertaking solely to the defendant and not to the interpleaded defendant.

In *Veitch v. Cebell*, 105 Wis. 260, 81 N. W. 411, the court says:

"In cases of arrest and bail, replevin, attachment, injunctions, *ne exeat,* and receivers, the statutes make express provisions to compensate the defendant for any damages sustained. Secs. 2692, 2720, 2732, 2747, 2748, 2778. But no such provision is made in case of garnishment."

In the garnishment action the principal defendant is authorized to release the garnishment by giving the undertaking provided for by sec. 2771. Such principal defendant is therefore afforded an opportunity to relieve himself from sustaining damages. Note further the language in the *Cebell Case:*

"The defendant Cebell was at liberty to save himself from any damage by giving the undertaking required by statute, but he failed to do so. Sec. 2771. The proceedings by garnishment are statutory. *McDonald v. Vinette,* 58 Wis. 619, 17 N. W. 319; *Morawetz v. Sun Ins. Office,* 96 Wis. 175, 71 N. W. 109. Since there is no statute authorizing such judgment for damages against the plaintiff and in favor of Cebell in the garnishee action, it is obvious that such judgment must be sustained, if at all, upon some principle of common law. The only remedy, if any, for a principal defendant whose funds are thus improperly tied up by garnishment would seem to be in an action for malicious prosecution."

The above quotation from the *Cebell Case* clearly distinguishes that case from the instant case, and the remedy for malicious prosecution referred to in the *Cebell Case* has only application to the principal defendant and not to an interpleaded garnishee defendant.

The development of the law and the statutory enactments now authorizing a defendant, whether the principal defendant or garnishee defendant or one whose property has been wrongfully attached, to commence an action for malicious prosecution arising out of criminal proceedings, attachment proceedings, or garnishment proceedings, is fully set out in 2 Ruling Case Law, 896, 897. It appears that one who is maliciously prosecuted in a criminal action originally had no recourse against his prosecutor for damages. This situation was changed subsequently by judicial decisions, and in the course of time such actions were made applicable to attachment proceedings where the attachment was wrongfully and maliciously begun. Such being the state of the law when the statutes on attachments were first en-

acted, it became apparent in some of the early cases that great injustice might result if a person actuated by malice might with impunity sue out a writ and have attached the property of another. And therefore, acting upon the principle of the common law which guarantees a remedy for the enforcement of every right, the judges declared that the malicious suing out of a writ of attachment should give rise to a cause of action equally with and analogous to the malicious prosecution or criminal prosecution, and it has become established that the principles governing an action for the wrongful issuance of an attachment are those common-law principles applicable to actions for malicious prosecution. The remedy accorded to suitors by the courts pursuant to their common-law powers has appeared to be insufficient in the eyes of the legislatures of many states, the element of malice being regarded as a stumbling block to the accomplishment of justice. Therefore one may find in the statute books numerous acts which are designed to enlarge the common-law remedy by extending the right of action to the wrongful suing out of the writ of attachment in cases wherein the ingredient of malice is lacking. 2 Ruling Case Law, 896, 897. But whatever may be the rights of one whose property has been wrongfully attached, a plaintiff in a replevin action, when successful, both at common law and by statute is entitled to damages.

In cases where the property is recovered to the owner, the damages are usually measured by interest and depreciation in value. In most cases interest on the value from the time of the wrongful taking is a proper measure. But where the property depreciates in value during the time of the wrongful detention the owner is also entitled to damages for the amount of the depreciation. Recovery of attorney fees, excepting as provided by statute in the form of taxable costs, etc., is not included or contemplated by the replevin statutes, and we therefore hold that, inas-

much as the interpleader statute takes the place of plaint-
iff's right under replevin, he is not entitled to recover
moneys expended for attorney fees.   23 Ruling Case Law,
911, 913.

*By the Court.*—The order of the lower court sustaining
defendant's demurrer to the plaintiff's complaint is there-
fore reversed, with directions to the lower court to over-
rule the demurrer, with costs, and the cause is remanded for
further proceedings according to law.

ESCHWEILER, J. (*dissenting*).   There was here no inter-
ference by the garnishee proceedings with any actual posses-
sion of the property by the plaintiff, for it never had
actual possession until the goods were returned to it at the
close of the garnishee action.   It at all times had no more
than a right to claim and take actual possession of the
property as security for the repayment to it of the sums
advanced to the Blue Bird Appliance Company.   In that
situation there was a question properly presented as to
whether the right of the plaintiff to have possession of the
property was superior to the claim asserted by the defendant
here as plaintiff in the garnishee action.

Upon the issue thus presented and which became the
only one, both parties had their day in court in the ordinary
method of procedure and the result was in plaintiff's favor.
It is now being permitted to assess damages against the
defendant here, plaintiff there, far in excess of that which
is recognized in the ordinary litigation in civil actions.   A
penalty is now being visited upon the defendant as an un-
successful party in a civil action involving merely the
question of whose claim to immediate possession of the
personal property was the paramount one.   That it is not
the general purpose of the law to visit penalties other than
those prescribed by the statute regulating and fixing the
amount of costs as against a party who in good faith, though

unsuccessfully, asserts a claim in a court of justice, is just now being decided in the case of *Weinhagen v. Hayes, post,* p. 62, 190 N. W. 1002.

No question is raised but that the present action is one founded upon a tort instead of upon contract, and the basis of such action is necessarily upon the theory that there was an unlawful use of judicial proceedings whereby there was interference with plaintiff's right to possession of personal property.

The general rule is well established that to support an action for damages for the unsuccessful bringing of another civil action the first judicial proceedings must have been instituted with malice and without probable cause. 1 Cooley, Torts (3d ed.) 348. And the same rules are held to apply to actions of this kind as they do to malicious prosecution of criminal proceedings. *Ibid.* 353.

The doctrine is firmly fixed here, as is shown in the following cases in this court:

In *Magmer v. Renk,* 65 Wis. 364, 27 N. W. 26, an action for malicious prosecution by the bringing of a replevin suit for the purpose of injuring the plaintiff in his business as a baker by depriving him of the use of his property, the court said (p. 367): "In order to recover it was essential for the plaintiff to prove both the want of probable cause in bringing the replevin suit and malice on the part of the defendant." The findings in that case were to the effect (p. 369) that the mortgage the defendant then held was such that the defendant did not honestly believe he was authorized to take and hold the goods in question, that he did not have probable cause to commence the replevin suit, and that he acted wilfully, maliciously, and with intent to injure the plaintiff.

In *Collins v. Shannon,* 67 Wis. 441, 30 N. W. 730, in an action for wrongful attachment which had been issued upon allegations charging fraud, this court said (p. 445): "If the plaintiff had simply proved that he was not indebted

to the defendant, and that he was not in fact about fraud-ulently to dispose of his property when the defendant brought his action against him and sued out his attachment, he would have failed to make a case. . . . All the cases hold that the burden of proof is on the plaintiff to show both the want of probable cause and malice." And again at p. 446: that if the jury finds that in such an action the defendant honestly and in good faith believed that the plaintiff was about fraudulently to dispose of his property in fraud of his creditors, "it will clearly be a finding that the act was not done maliciously, and so the plaintiff should fail in his action."

*Luby v. Bennett,* 111 Wis. 613 (87 N. W. 804, 56 L. R. A. 261), was to recover damages for the alleged malicious prosecution of an action for the dissolution of a partner-ship and for a receiver and the taking possession of per-sonal property thereunder. The complaint expressly charged (p. 615) malice and want of probable cause. There is a full discussion of the subject of lack of remedy for the malicious bringing of a civil suit where there is no inter-ference with person or property, commencing at page 620, and it was stated (p. 626) that "the same reasoning that supports an action for damages for maliciously and without probable cause instituting and prosecuting proceedings to have a person declared a bankrupt applies to an action mali-ciously brought to wind up a partnership, founded on al-leged misconduct of the defendant." It was also held (p. 627) that an equitable levy upon property, as in garn-ishee proceedings, whereby property is taken out of the cus-tody of the owner and out of his free control which causes damage not reached by a mere judgment of vindication or for costs, is sufficient basis for such an action.

The same view is suggested in *Ashland Co. v. Stahl,* 48 Wis. 593, 596, 4 N. W. 752.

That malice and want of probable cause are essential in an action brought on the statutory bond for wrongful

attachment as between the parties to the attachment proceedings is recognized in many cases, among others *Vesper v. Crane Co.* 165 Cal. 36, 130 Pac. 876, L. R. A. 1915A, 541; *Farmers & Traders T. W. Co. v. Gibbons,* 107 Ky. 611, 55 S. W. 2; *Slaughter v. Nolan,* 41 S. Dak. 134, 169 N. W. 232.

The same rule is applied in actions for damages resulting from restraining the plaintiff in the use of a patented article by injunction, where malice and want of probable cause are essential elements to any right to recover. *H. P. Rieger & Co. v. Knight,* 128 Md. 189, 97 Atl. 358, L. R. A. 1916E, 1277, note p. 1282; *Krzyszke v. Kamin,* 163 Mich. 290, 295, 128 N. W. 190.

Where a tort action was brought to recover damages for causing plaintiff's property, which he had then contracted to sell to another, to be attached, hoping thereby to prevent such sale and compel the plaintiff to sell to defendant, it was held that malice and want of probable cause must be shown. *Malone v. Belcher,* 216 Mass. 209, 211, 103 N. E. 637.

An unsuccessful adverse claim to real estate does not subject one to a suit for damages. *Duncan v. Griswold,* 92 Ky. 546, 18 S. W. 354.

Some authorities, however, do hold that damages may be recovered in a subsequent action for the wrongful issue of an attachment without a showing of malice and want of probable cause, which when shown, however, may warrant punitory damages in addition, in such cases as *Reliable Mut. Hail Ins. Co. v. Rogers,* 61 Okla. 226, 160 Pac. 914, L. R. A. 1917B, 350, relying upon *Overton v. Sigmon F. Mfg. Co.* 50 Okla. 531, 151 Pac. 215, where it was held that, in view of the provisions of their statutes requiring a bond in attachment proceedings under certain conditions, the common-law rule is modified and permits an action independent of the bond to recover attachment damages in the absence of the recognized essential elements of malice

and want of probable cause in other classes of malicious prosecutions. This seems to me, however, to be overlooking the plain distinction between a statutory right upon an undertaking, which is a contract action, and one for malicious prosecution, which is of course one in tort. This holding of the Oklahoma court seems contrary to the doctrine to which our court is committed, viz. that an independent action does not lie in the absence of malice or want of probable cause for damages from a wrongful attachment. *Ashland Co. v. Stahl,* 48 Wis. 593, 597, 4 N. W. 752, approved in *Harrison M. Works v. Hosig,* 73 Wis. 184, 189, 41 N. W. 70, as well as in *Veitch v. Cebell,* 105 Wis. 260, 262, 81 N. W. 411, and cited in note to 32 L. R. A. N. S. 35.

Further cases so holding are *McIntosh v. Knox,* 40 Nev. 403, 165 Pac. 337, but there the right to recover without showing malice or suing on a bond was given to one who was not, as was plaintiff here, a party to the garnishment proceedings; also *First State Bank v. Clark,* 202 Ill. App. 283 (followed in *Strobot v. Cordes,* 207 Ill. App. 442, 443), both cited in the majority opinion.

Because the present holding seems to be a wide departure from the former judicial policy of this state I cannot concur in the result.