CITIZENS' STATE BANK, Respondent, v. CARDA et al, and SHAMMON, Garnishee, Appellant.

(195 N. W. 828.)

(File No. 5412.    Opinion filed November 15. 1923.)

1. **Fraudulent Conveyances—Garnishment—Findings—Testimony of Parties to Transfer Held Not to Require Finding of Good Faith.**

   In garnishment proceeding to reach an undivided interest in realty, testimony of the defendants and garnishee that the conveyance to the latter was in payment of wages and money loaned held not to require a finding that the transfer was in good faith and for the consideration alleged.

2. **Garnishment—Real Estate Held Proper Subject of Garnishment.**

   Real estate held proper subject of garnishment, in view of Rev. Code 1919, Secs. 2453, 2468, expressly referring to real estate.

3. **Garnishment—Fraudulent Conveyances—Uniform Fraudulent Conveyance Act Held Not to Affect Right to Proceed Against Real Estate by Garnishment.**

   The Uniform Fraudulent Conveyance Act, Sec. 9, Subsec. 1, entitling a creditor to have fraudulent conveyance set aside, or obligation annulled, or to disregard the conveyance and attach or levy execution on the property conveyed, does not take away creditor's right to proceed against the real estate by garnishment; garnishment in such case being in effect the same as a creditor's bill.

Appeal from Circuit Court, Charles Mix County; Hon. R. B. Tripp, Judge.

Action by the Citizens' State Bank against John Carda and another, and Millie Shammon, garnishee. From judgment for plaintiff and order denying new trial, the garnishee appeals. Affirmed.

*A. B. Beck,* of Geddes, for Appellant.

*Walker & Gurley,* of Armour, for Respondent.

(3) To point three of the opinion, Appellant cited: Doster v. National Bank, 48 L. R. A. 334; 12 R. C. L. 788; Boyle v. Maroney, 73 Ia. 70, 35 N. W. 145; Riply v. Severns, 17 Am. Dec. 397; Risley v. Willes, 5 Conn. 431; Banning v. Sibley, 3 Minn. 839; Standard Enc. of Procedure, Vol. 10, p. 432; Quarl v. Abbott, 102 Ind. 233, 1 N. E. 476; Yocum v. Bullett, 17 Am. Dec. 135; Braisie v. Minneapolis Brewing Co., 87 Minn. 456, 92 N. W. 340, 60 Pac. 412; Foley v. Ruley, 50 W. Va. 158, 40 S. E. 382, 55 L. R. A. 916.

GATES, J. As against the principal defendants this is an action to recover on three promissory notes. As against defendant Shammon it is a provisional remedy in garnishment. By it the plaintiff sought to reach an individed interest in land transferred by the principal defendants to the garnishee, and to have the transfer declared fraudulent. The plaintiff prevailed, and the garnishee defendant appeals.

[1] It is first contended that the transfer was bona fide; that it was given in part in payment of a loan and in part in payment of one year's wages. It is contended that the undisputed evidence establishes such consideration. We cannot agree that the evidence was undisputed. True, the testimony of the garnishee and of the principal defendants tended to establish the consideration, but the trial court evidently did not believe such testimony, and there were items of evidence contradictory thereto, which in the judgment of the trial court warranted such disbelief. We cannot say that the clear preponderance of the evidence is contrary to the findings.

[2] Appellant next contends that real estate is not the subject of garnishment, and that, even if it was prior to the adoption of the Uniform Fraudulent Conveyance Act, chapter 209, Laws 1919, yet it has not been since. The case was tried without objection on the theory that the question of fraudulent conveyance could properly be determined in this action. Sections 2453, 2468, Rev. Code 1919, expressly refer to real estate. While in other jurisdictions real estate is not usually the subject of garnishment, no principle of law has been called to our attention which would render such legislation beyond or in excess of the legislative power.

[3] The remaining question is whether the Uniform Fraudulent Conveyance Act took away the remedy of proceeding against

real estate by garnishment. Respondent insists that appellant should not be heard to raise the question because it was first raised on the motion for new trial. Without deciding that respondent is wrong in so contending, we will consider the question. Subsection I of section 9 of chapter 209, Laws 1919, purports to provide the remedies open to a creditor who seeks to have a fraudulent conveyance set aside, and says the creditor may:

"(a) Have the conveyance set aside or obligation annulled to the extent necessary to satisfy his claim, or

"(b) Disregard the conveyance and attach or levy execution upon the property conveyed."

Appellant insists that the only remedy under (a) is a creditor's bill. We are not impressed with this contention. Section 14 of the act merely repeals acts or parts of acts inconsistent therewith. There is no essential inconsistency with the Uniform Fraudulent Conveyance Act in retaining garnishment as a method of having a fraudulent conveyance set aside. In other words, garnishment is not necessarily inconsistent with subdivision (a) above. Such a remedy is in effect the same as a formal creditor's bill, and should be so treated, so far as consistent with the garnishment statute. Com. Inv. Trust v. Wm. Frankfurth Hdwe. Co., 179 Wis. 21, 190 N. W. 1004.

The judgment and order denying new trial are affirmed.

Note.—Reported in 195 N. W. 828. See, Headnote (1), American Key-Numbered Digest, Fraudulent conveyances, Key-No. 300(4), 27 C. J. Secs. 786, 790; (2) Garnishment, Key-No. 26, 28 C. J. Sec. 231; (3) Garnishment, Key-No. 36, 28 C. J. Sec. 231.

For Uniform Fraudulent Conveyance Act, see Chapter 209, Laws 1919, 8 U. L. A. 125.